```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
  ALEJANDRO FORTUNA,                                        :
                                    Plaintiff,              :
                                                            :       22 Civ. 6892 (LGS)
                  -against-                                 :
                                                            :              ORDER
  PEPSI-COLA BOTTLING COMPANY OF                            :
  NEW YORK, et al.,                                         :
                                    Defendants.             :
                                                            :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on October 7, 2022, the parties notified the Court that they had reached a settlement in principle (Dkt. No. 7), and the Order at Dkt. No. 8 directed the parties to submit the settlement agreement to the Court and a joint letter addressing the findings the Court must make to approve the settlement as fair and reasonable.  See *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206–07 (2d Cir. 2015); *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335–36 (S.D.N.Y. 2012) (outlining the factors that district courts have used to determine whether a proposed settlement is fair and reasonable).

WHEREAS, on November 9, 2022, Plaintiff filed a notice of voluntary dismissal with prejudice along with a letter arguing that the Court need not approve the settlement agreement because there was no such agreement covering the FLSA claim asserted in this Court, only a confidential settlement covering other claims asserted in state court (Dkt. Nos. 11, 12).

WHEREAS, by Order dated November 10, 2022 (Dkt. No. 13), the Court agreed that it need not approve a settlement of non-FLSA claims that were not asserted "in the same action," *cf. Fisher v. SD Prot. Inc.*, 948 F.3d 593, 607 n.12 (2d Cir. 2020), but directed Plaintiff to provide support for its position that a voluntary dismissal with prejudice for no compensation was a "fair

and reasonable" resolution of the FLSA claim, *see Ke v. J R Sushi 2 Inc.*, No. 19 Civ. 7332, 2022 WL 912231, at *5 (S.D.N.Y. Mar. 28, 2022).

WHEREAS, on November 12, 2022, Plaintiff filed a declaration, explaining that it had been brought to Plaintiff's attention that Plaintiff was exempt from the overtime requirements of FLSA. Plaintiff alleged that "[a]pproximately 90% of [his] time was spent in the field" when he would "assist Distributors in sales, delivery and in-store product displays." "The statutory exemption provides an exemption for any employee employed in the capacity of outside salesman," which is defined to mean one whose "primary duty is" "making sales" and "[w]ho is customarily and regularly engaged away from the employer's place or palaces of business in performing such primary duty." *Flood v. Just Energy Mktg. Corp.*, 904 F.3d 219, 228 (2d Cir. 2018) (cleaned up) (first quoting 29 U.S.C. § 213(a)(1); and then 29 C.F.R. § 541.500(a)).

WHEREAS, Plaintiff's declaration also clarified that the state court settlement was negotiated entirely without regard to the federal claims. It is hereby

**ORDERED** that the voluntary dismissal with prejudice of the FLSA claim is **APPROVED** as fair and reasonable based on the high likelihood that the FLSA claim would be dismissed, the remedial purposes of FLSA would not be thwarted, the burden and expense involved in litigating the claim is unwarranted, the dismissal apparently was the product of arms-length negotiation, and there is a little likelihood of fraud or collusion given that Plaintiff received no compensation for dismissing the FLSA claim. *See Cheeks*, 796 F.3d at 206-07; *Wolinsky*, 900 F. Supp. 2d at 335-36.

The Clerk of Court is respectfully directed to close this case.

Dated: November 14, 2022
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

2